IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JENNIFER MARSALO and<br>ANTHONY MARSALO,<br>　　　　　Plaintiffs,<br><br>　　v.<br><br>WAL-MART STORES EAST, LP.,<br>WAL-MART STORES EAST, INC. and<br>WAL-MART STORES, INC.<br>　　　　　Defendants. | :<br>:<br>:　CIVIL ACTION-LAW<br>:<br>:<br>:　10-cv-02740<br>:<br>:<br>:　**JURY TRIAL DEMANDED**<br>:<br>: |

## DEFENDANTS' ANSWER WITH AFFIRMATIVE DEFENSES

Defendants, Wal-Mart Stores East, LP, Wal-Mart Stores East, Inc. and Wal-Mart Stores, Inc., more correctly identified only as Wal-Mart Stores East, LP (hereinafter referred to as "Wal-Mart"), by and through their attorneys, McDonnell & Associates, P.C., hereby answer Plaintiffs' Complaint as follows:

　　1.　Denied. Defendants deny this averment to the extent that it makes no allegation against them.

　　2.　Denied as stated. Wal-Mart Stores East, L.P. is a Delaware limited partnership with a principal place of business in Bentonville Arkansas.

　　3.　Denied. By way of further response, Wal-Mart Stores East, Inc. is a Delaware corporation with a principal place of business in Bentonville Arkansas.

　　4.　Denied as stated. Wal-Mart Stores, Inc. is a Delaware corporation with a principal place of business in Bentonville Arkansas.

　　5.　Admitted in part; denied in part. Defendants admit only that Wal-Mart Stores East, L.P. operated a retail store at the address identified. The remaining averments are denied.

6. Admitted in part; denied in part. Defendants admit only that Wal-Mart Stores East, L.P. operated a retail store identified as a "Supercenter" at 890 East Main Street, Ephrata, PA. The remaining averments are denied.

7. Denied. The averments in this paragraph contain conclusions of law to which no response is required.

8. Plaintiffs' claims against Russell Colton were dismissed prior to the removal of this case.

9. Denied. The averments in this paragraph contain conclusions of law to which no response is required.

10. Denied. The averments in this paragraph contain conclusions of law to which no response is required.

11. Denied. Wal-Mart is unable to respond to allegations regarding unidentified agents, managers, servants, workmen and/or employees.

12. Admitted in part; denied in part. Wal-Mart admits only that Plaintiff Jennifer Marsalo was present at its store in Ephrata, Pennsylvania on December 17, 2008. Wal-Mart is without sufficient information to form a belief as to the truth of the remaining averments contained in this paragraph, and therefore, said averments are denied.

## COUNT I:

### Plaintiff, Jennifer Marsalo v. Defendant, Wal-Mart Stores East, LP

13. Wal-Mart hereby incorporates its responses to the foregoing paragraphs as if fully set forth herein.

14(a) – (e).   Denied. The averments in this paragraph, and its subparts, contain conclusions of law to which no response is required.

15 – 19.   Denied. Wal-Mart is without sufficient information to form a belief as to the truth of the averments contained in these paragraphs, and therefore, said averments are denied. To the extent that these paragraphs contain conclusions of law no response is required.

**WHEREFORE**, Defendants, Wal-Mart Stores East, LP, Wal-Mart Stores East, Inc. and Wal-Mart Stores, Inc., request Judgment in their favor and that Plaintiffs' Complaint be dismissed with prejudice, for costs of suit, interest, and all other relief and damages recoverable by law.

## COUNT II:

### Plaintiff, Jennifer Marsalo v. Defendant, Wal-Mart Stores East, Inc.

20.   Wal-Mart hereby incorporates its responses to the foregoing paragraphs as if fully set forth herein.

21(a) – (e).   Denied. The averments in this paragraph, and its subparts, contain conclusions of law to which no response is required.

22 – 26.   Denied. Wal-Mart is without sufficient information to form a belief as to the truth of the averments contained in these paragraphs, and therefore, said averments are denied. To the extent that these paragraphs contain conclusions of law no response is required.

**WHEREFORE**, Defendants, Wal-Mart Stores East, LP, Wal-Mart Stores East, Inc. and Wal-Mart Stores, Inc., request Judgment in their favor and that Plaintiffs' Complaint be dismissed with prejudice, for costs of suit, interest, and all other relief and damages recoverable by law.

## COUNT III:

### Plaintiff, Jennifer Marsalo v. Defendant, Wal-Mart Stores, Inc.

27. Wal-Mart hereby incorporates its responses to the foregoing paragraphs as if fully set forth herein.

28(a) – (e).   Denied. The averments in this paragraph, and its subparts, contain conclusions of law to which no response is required.

29 – 33.   Denied. Wal-Mart is without sufficient information to form a belief as to the truth of the averments contained in these paragraphs, and therefore, said averments are denied. To the extent that these paragraphs contain conclusions of law no response is required.

**WHEREFORE**, Defendants, Wal-Mart Stores East, LP, Wal-Mart Stores East, Inc. and Wal-Mart Stores, Inc., request Judgment in their favor and that Plaintiffs' Complaint be dismissed with prejudice, for costs of suit, interest, and all other relief and damages recoverable by law.

## COUNT IV:

### Plaintiff, Jennifer Marsalo v. Defendant, Russell Colton

34 - 40.   Plaintiffs' claims against Russell Colton were dismissed prior to the removal of this case.

## COUNT V:

### Plaintiff, Anthony Marsalo v. Defendant, Wal-Mart Stores, Inc.

41.   Wal-Mart hereby incorporates its responses to the foregoing paragraphs as if fully set forth herein.

42 – 43.    Denied. Wal-Mart is without sufficient information to form a belief as to the truth of the averments contained in these paragraphs, and therefore, said averments are denied. To the extent that these paragraphs contain conclusions of law no response is required.

**WHEREFORE**, Defendants, Wal-Mart Stores East, LP, Wal-Mart Stores East, Inc. and Wal-Mart Stores, Inc., request Judgment in their favor and that Plaintiffs' Complaint be dismissed with prejudice, for costs of suit, interest, and all other relief and damages recoverable by law.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims and causes of action are barred by reason of Plaintiffs' own contributory negligence, or alternatively, are reduced by the percentage of Plaintiffs' own comparative negligence.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims and causes of action are barred because Plaintiffs failed to mitigate damages.

### THIRD AFFIRMATIVE DEFENSE

If Plaintiffs sustained damages, such damages were caused by the negligence of a third party over which Wal-Mart exercised no control.

### FOURTH AFFIRMATIVE DEFENSE

If Plaintiffs sustained damages, such damages were caused by intervening or superseding events or factors over which Wal-Mart exercised no control.

### FIFTH AFFIRMATIVE DEFENSE

If Plaintiffs executed a Release releasing any person or entity from liability arising from the accident or occurrence described in Plaintiffs' Complaint, Wal-Mart is similarly released from any such liability.

### SIXTH AFFIRMATIVE DEFENSE

If Plaintiffs seek compensatory damages for expenses related to medical tests, medications, and treatment, such damages are reduced by the holding in <u>Moorehead v. Crozer Chester Medical Center</u>, 557 Pa. 630 (1998) to the amounts actually due and payable. Any medical bills exceeding the provider's usual collection rate are barred by the doctrine of unjust enrichment.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff Jennifer Marsalo failed to take due care for her own safety.

### EIGHTH AFFIRMATIVE DEFENSE

Wal-Mart had no actual or constructive notice of any condition alleged by Plaintiffs.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs' recovery from Wal-Mart, if any, shall be diminished by the percentage of the total negligence attributable to any other liable parties in this action.

### TENTH AFFIRMATIVE DEFENSE

Wal-Mart reserves the right to assert all defenses disclosed or developed in the course of discovery, arbitration and/or trial.

### ELEVENTH AFFIRMATIVE DEFENSE

At all relevant times Wal-Mart upheld its duty of care to Plaintiffs.

**WHEREFORE**, Defendants, Wal-Mart Stores East, LP, Wal-Mart Stores East, Inc. and Wal-Mart Stores, Inc., request Judgment in their favor and that Plaintiffs' Complaint be dismissed with prejudice, for costs of suit, interest, and all other relief and damages recoverable by law.

        Respectfully submitted,

        **MCDONNELL & ASSOCIATES, P.C.**

Dated: July 2, 2010    By:   *s/Analisa Sondergaard*
        Patrick J. McDonnell, Esquire,
        Attorney I.D. No. PA62310
        Analisa Sondergaard, Esquire
        Attorney I.D. No. PA74223
        Metropolitan Business Center
        860 1st Avenue, Suite 5B
        King of Prussia, PA 19406
        asondergaard@mcda-law.com

        (610) 337-2087 - Telephone
        (610) 337-2575 - Facsimile

        *Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JENNIFER MARSALO and ANTHONY MARSALO, : Plaintiffs, : : v. : : WAL-MART STORES EAST, LP., : WAL-MART STORES EAST, INC. and : WAL-MART STORES, INC. : : Defendants. : | CIVIL ACTION-LAW 10-cv-02740 **JURY TRIAL DEMANDED** |

### CERTIFICATE OF SERVICE

I, Analisa Sondergaard, Esquire hereby certify that Defendants' Answer with Affirmative Defenses was filed electronically with the Court and available for downloading by the following registered ECF user:

Thomas A. Masterson, Jr., Esquire
Lundy Law
1635 Market Street, 19th Floor
Philadelphia, PA 19103-8340
tmasterson@lundylaw.com
*Attorneys for Plaintiffs*

MCDONNELL & ASSOCIATES, P.C.

Dated:   July 2, 2010      By:   *s/Analisa Sondergaard*
Patrick J. McDonnell, Esquire,
Attorney I.D. No. PA62310
Analisa Sondergaard, Esquire
Attorney I.D. No. PA74223
Metropolitan Business Center
860 1st Avenue, Suite 5B
King of Prussia, PA 19406
asondergaard@mcda-law.com

(610) 337-2087 - Telephone
(610) 337-2575 - Facsimile

*Attorneys for Defendant*